IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| ADOLFO MORENO | : |
| | :    **CIVIL ACTION** |
|     **Plaintiff** | : |
| v. | : |
| | :    **NO.** |
| UNION PACIFIC RAILROAD | : |
| COMPANY, A DELAWARE CORP. | : |
| | :    **JURY TRIAL DEMANDED** |
|     **Defendant** | : |

## COMPLAINT

1.  This suit is governed by the Federal Employers' Liability Act, 45 U.S.C. § 51, et seq., which Act grants this Court jurisdiction over this action.

2.  Plaintiff, Adolfo Moreno, is an adult citizen of the State of Texas residing at 4922 Knox Drive, El Paso, Texas.

3.  Defendant, Union Pacific Railroad Company, a Delaware Corporation, successor in interest to Southern Pacific Transportation, Inc. and Union Pacific Railroad, with its headquarters at 1400 Douglas Street, Omaha, Nebraska, was at all times relevant hereto engaged in interstate commerce in and throughout several states of the United States as a common carrier by rail; and for the purposes hereof did operate locomotives, railroad cars and repair facilities and transacted substantial business throughout the state of New Mexico, Texas and other states of the United States.

4.  At all times relevant hereto, the Plaintiff was employed by the Defendant railroad in its Maintenance of Way department wherein he was acting in the course and scope of his employment with Defendant, and was engaged in the furtherance of interstate commerce within the meaning of said Act.

5. At all times relevant hereto, the acts of omission and commission causing injuries to the Plaintiff were done by the Defendant, its servants, agents and/or employees acting in the course and scope of their employment with and under the direct and exclusive control of the Defendant.

6. All of the property, equipment and operations involved in this occurrence were, at all times relevant hereto, owned and/or under the direct and exclusive control of the Defendant, its agents, servants and/or employees.

7. Plaintiff has been diagnosed with bilateral carpal tunnel syndrome.

8. Plaintiff has discovered the existence of his injury and its cause within the last three years.

9. Throughout his entire career with the Defendant, the Plaintiff, while working within the course and scope of his employment, was injured due to the negligence of the Defendant, both generally and in the following particulars:

    (a) In failing to use ordinary care and caution to provide Plaintiff a reasonably safe place in which to work;

    (b) In failing to take any effective action to reduce, modify or eliminate certain job duties, equipment or practices so as to minimize or eliminate cumulative and repetitive trauma to which Plaintiff would be exposed;

    (c) In failing to periodically test employees such as the Plaintiff for physical effects of repetitive trauma to the upper extremities, and failing to take appropriate action, including advising the Plaintiff as to the test results;

    (d) In failing to warn the Plaintiff of the risk of carpal tunnel syndrome or other repetitive trauma injuries as a result of exposure to repetitive occupational trauma to the upper extremities;

    (e) In providing the Plaintiff with equipment which the Defendant knew or should have known caused carpal tunnel syndrome or other repetitive

    trauma injuries as a result of exposure to repetitive occupational trauma to the upper extremities;

 (f) In failing to make reasonable efforts to inspect or monitor the levels/amounts of repetitive trauma produced by the work duties/tasks which the Plaintiff was required to perform for the Defendant; and

 (g) In failing to provide the Plaintiff with protective equipment designed to protect him from carpal tunnel syndrome or other repetitive trauma injuries as a result of exposure to repetitive occupational trauma to the upper extremities.

10. The aforesaid occurrences were directly and proximately caused in whole or in part by the negligence of the Defendant and/or the negligence of the Defendant's agents, servants and/or employees.

11. As a direct and proximate result of the Defendant's negligence, the Plaintiff has suffered and will continue to suffer carpal tunnel syndrome, with accompanying numbness, tingling and pain in the upper extremities, along with various other injuries.

12. By reason of the aforesaid injuries, the Plaintiff has been disabled from gainful employment, his earning capacity has been permanently impaired, he has incurred and will continue to incur medical expenses, and he has suffered and will continue to suffer inconvenience, great physical and mental pain and embarrassment.

  **WHEREFORE,** the Plaintiff, Adolfo Moreno, demands judgment against the Defendant, Union Pacific Railroad Company, a Delaware Corporation, in a sum in excess of ONE HUNDRED THOUSAND DOLLARS ($100,000.00) and the costs of this action.

Date:  08/10/2011            CAPPELLI MUSTIN

                                                BY:      /s/ Shawn M. Sassaman
                                                                           SHAWN M. SASSAMAN, ESQUIRE
                                                                           101 West Elm Street
                                                                           Suite 630
                                                                           Conshohocken, PA  19428
                                                                           (610) 941-4444


Date:  08/10/2011              BY:      /s/ Orlando A. Sandoval
                                                                           ORLANDO A. SANDOVAL, ESQUIRE
                                                                           1016 Lomas Blvd., NW
                                                                           Albuquerque, NM  87102
                                                                           (505) 247-4944